IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DANNY L. WEAVER, Individually and on
Behalf of His Minor Children; and
STACEY E. WEAVER, Individually and on
Behalf of Her Minor Children                                    PLAINTIFFS

v.                              No. 3:15-cv-83-DPM

EVERBANK                                                        DEFENDANT

ORDER

1. The Weavers filed a Chapter 13 bankruptcy case in May. This case has been pending here since March. Everbank moves to dismiss, arguing that their recent bankruptcy deprives the Weavers of standing to keep pursuing this dispute about insurance proceeds and their home. Everbank's fall-back position is that the trustee is the real party in interest and (in any event) the Weavers haven't gotten bankruptcy court approval to hire their lawyers in this case.

2. As the parties' briefs demonstrate, the standing issue has divided courts. The U.S. Court of Appeals for the Eighth Circuit hasn't decided the issue yet. Other courts disagree. *Compare Davis v. Victor Warren Properties, Inc.*, 216 B.R. 898, 902–03 (Bankr. N.D. Ga. 1997) (limiting Chapter 13 debtor's standing to sue), *with Olick v. Parker & Parsley Petroleum Company*, 145 F.3d

513, 515–16 (2d Cir. 1998) (finding Chapter 13 debtors have standing to pursue claims). Everbank is correct that a trustee in any kind of bankruptcy case "has capacity to sue and be sued." 11 U.S.C. § 323(b). But those words aren't exclusive. They don't answer whether Chapter 13 debtors-in-possession of their bankruptcy estate, such as the Weavers, have capacity too.

This Court agrees, in general, with the reasoning of *Cable v. Ivy Tech State College*, 200 F.3d 467, 472–74 (7th Cir. 1999), *overruled on other grounds by Hill v. Tangherlini*, 724 F.3d 965 (7th Cir. 2013). Unlike a Chapter 7 trustee, the Weavers' Chapter 13 trustee has no power to liquidate their estate. He's empowered to look over the Weavers' shoulders as they pay their debts. As the rules provide, "the trustee *or* a debtor in possession" may prosecute a pending action by the debtor or for the estate. FED. R. BANKR. P. 6009 (emphasis added). The nature of the Chapter 13 proceeding gives the Weavers a sufficient stake in the outcome to satisfy Article III's injury requirement. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983). They have standing.

**3.** Everbank's Rule 17 argument is a variation on the theme. Both the trustee and the Weavers are real parties in interest. FED. R. CIV. P. 17(a)(1)(G). They're communicating — and disputing — in the bankruptcy court about who

will get how much of any recovery here. The Weavers staying on as plaintiffs doesn't offend Rule 17. Finally, while bankruptcy court approval of counsel would be appropriate, it isn't to be expected when the trustee and the debtor are somewhat at odds over potential proceeds. And this Court isn't persuaded that it's essential. The bankruptcy court will, at the end of this case, have to approve how any money flows, including any attorney's fees.

\* \* \*

Everbank's motion to dismiss, № 33, is denied.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

19 November 2015